IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRAVIS DWIGHT GREEN,<br>   Petitioner,<br><br>v.<br><br>LORIE DAVIS,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>   Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:13-CV-01899<br>§   (Death Penalty Case)<br>§<br>§<br>§<br>§<br>§ |

## RESPONDENT'S NOTICE OF SUPPLEMENTAL, INTERVENING AUTHORITY

This is a federal habeas proceeding initiated by Texas death row inmate Travis Green. *See* 28 U.S.C. §§ 2241, 2254. This Court held an evidentiary hearing on two procedurally defaulted claims Green raised in his federal habeas petition: (1) whether Green was incompetent to stand trial; and (2) whether trial counsel was ineffective for failing to investigate and present mitigating evidence during the punishment phase of Green's trial. Docket Entry (DE) 72. The parties filed post-hearing briefing laying out their respective positions. DE 157, 158. In his post-hearing brief, Green moved this Court to reconsider its dismissal with prejudice of his procedurally defaulted claim that trial counsel was ineffective for failing to request a competency hearing. DE 158 at 1, 45–46, 62. The Director filed an opposition to Green's motion. DE 159.

A recently issued Fifth Circuit decision, *Gonzales v. Davis*, No. 18-70026, 2019 WL 2148069 (5th Cir. May 17, 2019), is pertinent to Green's case. Like Green, the petitioner in *Gonzales* raised procedurally defaulted claims that he was incompetent to stand trial and that his trial counsel was ineffective for failing to raise his incompetence. *See Gonzales v. Davis*, No. MO-12-CV-126-DAE, 2016 WL 5859678, at *1 (W.D. Tex. Oct. 6, 2016). Despite the procedural default, an evidentiary hearing was granted. *Id.* at *1–2. Following a seven-day evidentiary hearing, the district court denied the petitioner's claims on the merits. *See Gonzales*, 2019 WL 2148069, at *3.

The petitioner then requested a certificate of appealability (COA) from the Fifth Circuit, which it denied. *Id.* In so doing, the court concluded that the district court "erroneously granted" an evidentiary hearing on the merits of the petitioner's claims. *Id.* at *1. It also rejected the argument that the claims were not procedurally defaulted, holding that incompetence during trial and post-conviction proceedings did not constitute cause because incompetency "is not . . . external to the petitioner." *Id.* at *5; *see id.* at *5 n.4. And the Fifth Circuit specifically rejected the district court's conclusion that the petitioner's incompetent-to-stand-trial claim was not procedurally defaulted, describing the holding as "erroneous." *Id.* at *7.

Like the petitioner in *Gonzales*, Green raises claims alleging that he was incompetent to stand trial and that his trial counsel was ineffective for failing

2

to raise that issue with the trial court. As the Director has explained, those claims are procedurally defaulted. DE 157 at 20–24; DE 159 at 3–6. Given this default, *Gonzales* demonstrates that evidentiary development of the merits of Green's claims was impermissible. *Id*. at *1. This includes Green's incompetent-to-stand-trial claim, for which the Court permitted factual development because courts are "split" on whether such claims can be procedurally defaulted, DE 55 at 15, as *Gonzales* resolves this question adversely to Green, *Gonzales*, 2019 WL 2148069, at *7. *Gonzales* also proves that Green's argument, that his alleged mental incompetence during trial and post-conviction proceedings is an "external cause" excusing default, DE 158 at 49, is incorrect. Given *Gonzales*, the Court should find that Green's competence-related claims are procedurally defaulted and that he fails to meet an exception to this bar to merits review.

## CONCLUSION

The Director respectfully brings to the attention of the Court the intervening *Gonzales* decision which further demonstrates that Green is not entitled to relief on his claims.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    JEFFREY C. MATEER
    First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

|  |  |
|---|---|
| *Attorney-in-charge | s/ Jay Clendenin<br>JAY CLENDENIN*<br>Assistant Attorney General<br>Criminal Appeals Division<br>State Bar No. 24059589<br>Southern District No. 920324<br>jay.clendenin@oag.texas.gov |

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 936-1400; (512) 320-8132 fax

ATTORNEYS FOR RESPONDENT

# CERTIFICATE OF SERVICE

     I do hereby certify that on June 5, 2019, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice:

| | |
|---|---|
| James G. Rytting<br>Hilder & Associates, P.C.<br>819 Lovett Boulevard<br>Houston, Texas 77006 | Tivon Schardl<br>Capital Habeas Unit<br>504 Lavaca Plaza, Ste. 960<br>Austin, Texas 78701 |

                          s/ Jay Clendenin
                          JAY CLENDENIN
                          Assistant Attorney General